**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **DONNA L. AKERS,** | ) | **Case No.** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **COMPLAINT AND REQUEST** |
| **BOARD OF REGENTS OF THE** | ) | **FOR JURY TRIAL** |
| **UNIVERSITY OF NEBRASKA-** | ) | |
| **LINCOLN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PRELIMINARY STATEMENT

This is a civil action brought by the Plaintiff, a tenured faculty member with a hearing impairment, pursuant to Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, including, but not limited to, the amendments provided by the ADA Amendments Act of 2008, (hereinafter 'ADAAA') and its implementing regulations, with remedies arising from all of Defendant's violations under Title I of the ADAAA, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*,  Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (hereinafter "Section 504") to compel the University to cease its discriminatory employment practices and to provide Plaintiff with auxiliary aids and services to ensure effective communication and an equal opportunity to effectively and fully participate as a faculty member in the University community and fully perform the essential job functions of her position, and to correct the unlawful employment practices and retaliation on the basis of disability discrimination. Plaintiff seeks declaratory and injunctive relief; compensatory damages; reimbursement; and reasonable attorneys' fees, expenses, and costs for the Defendant's violations of her federally protected rights under the ADAAA by discriminating in the denial of

reasonable accommodations, and discriminating in other terms, conditions, and privileges of employment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to the ADA, 42 U.S. C. § 12117(a), which incorporates by reference, Sections 706(f)(1) and (3) of Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 e-5 (f)(1) and (3) ("Title VI") and pursuant to Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981a(a-d).

2.      Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391.  The unlawful employment practices alleged below were committed within the jurisdiction of Nebraska.

3.      All conditions precedent to suit have been met.  Plaintiff filed a timely Charge of Discrimination with the Nebraska Equal Opportunity Commission (NEOC).  Plaintiff has received the Notice of 'Right to Sue Letter' on October 18, 2010, which was dated October 14, 2010.

## PARTIES

4.      At all relevant times, Plaintiff Donna L. Akers, a tribal member of the Choctaw Nation, was and is employed as an Associate Professor of History and Native American Studies at the University of Nebraska-Lincoln (hereinafter UNL) and is a resident of the State of Nebraska and a citizen of the United States.

5.      At all relevant times, Plaintiff Donna L. Akers was diagnosed with the disability of Meniere's Disease, a hearing disorder of the inner ear which results in a significant and progressive hearing impairment, vertigo, and which substantially affects her major life activities of hearing, communicating, speaking and balance, including standing and walking.

6.      At all relevant times, Defendant  Board of Regents of the University of Nebraska-Lincoln is the governing body of  a public, post secondary educational institution in the State of Nebraska which receives federal funding.

7.      Defendant is an employer within the meaning of the ADAAA in that it employs more than 15 employees.

8.      At all relevant times, Plaintiff Donna L. Akers was a qualified individual with a disability within the meaning of Title I of the ADAAA.

## FACTUAL ALLEGATIONS

9.      Plaintiff, to avoid repetition, re-alleges and incorporates by reference all allegations contained in Paragraphs 1 through 8.

10.      On or about 1980, Plaintiff Donna L. Akers was diagnosed with Meniere's Disease, which substantially limits her major life activity of hearing, communication and speaking.

11.      Plaintiff has been employed by Defendant as an Assistant Professor from August 2004 until becoming a tenured Associate Professor in the summer of 2006.  At the time of her hire and appointment, Plaintiff Donna L. Akers informed her Department Chair that she had a disability of Meniere's Disease and has provided medical documentation to the Defendant's agents and employees as to the nature of her disability and the reasonableness of her requests for accommodations.

12.      Plaintiff Donna L. Akers has had an Accommodation Plan with UNL since she was hired in 2004 which provides her with a transcriber and a small microphone/one speaker system which is inadequate and ineffective in accommodating her in fulfilling her duties and essential job functions as an associate professor, including to wit, *inter alia*: presenting her

lectures and engaging in active discussions with her students in the classroom; participation and

presentations at academic discussions, conferences, and presentations; active and effective

participation in faculty committee work;  participation in oral history interviews which constitute

a substantial part of the essential requirement of  the research component for her position; and

participation in committee and board meetings with respective community groups and university

activities essential for the service component of her position.

13.     Plaintiff Donna L. Akers has requested numerous times and as recently as

February 2009, May 2009, August 2009 and October 2010 to Christy Horn, ADA/504

Compliance Officer for the University of Nebraska-Lincoln, reasonable accommodations with

auxiliary aids and services in the form of Computer-Assisted Real-Time Transcription

("CART"), which is a service wherein a stenographer types into a computer exactly what is

being said and the words scroll down the computer screen for the Plaintiff to read.  CART allows

the Plaintiff to effectively communicate with her students, peer faculty members and community

members in real-time, contemporaneous communication.  Plaintiff has requested numerous times

and as recently as February 2009 and May 2009 reasonable accommodations with auxiliary aids

and services in the form of a loop induction system and an assistive listening device in the

meeting rooms on the campus wherein she is in regular attendance.

14.     The Defendant, through its employee Christy Horn, has specifically refused in

February of 2009, May of 2009, August of 2009 and October of 2010 to provide Plaintiff with

the requested reasonable accommodations of auxiliary aids and services designed to achieve

effective communication as contained in ¶ 13.

15.     On February 12, 2009, the Defendant, by its agent and employee Christy Horn,

acting within the scope of her employment, not only denied Plaintiff's request for reasonable

accommodation as contained in ¶ 13 but threatened the imposition of several adverse employment consequences including loss of tenure, transfer to a lesser position, and/or termination if Plaintiff continued making her requests for reasonable accommodations.

16.    That on April 24, 2009, Plaintiff filed a complaint against colleagues of the Ethnic Studies Department, Martha McCullough, Tom Gannon, and Mark Swetland, who had prevented the Plaintiff from meeting her essential job functions by their refusal to meet with Plaintiff and with her University approved reasonable accommodation of a transcriber because they believed it violated their privacy for the Plaintiff to have a verbatim transcript of the meeting, even though they could take notes.

17.    Christy Horn, without interviewing the Plaintiff in detail, completed an "investigation report" into Plaintiff's complaint and found them to be without merit and further denied Plaintiff transcripts of any meetings in which faculty members were present.

18.    That on September 14, 2009, the individuals named in the complaint met with Plaintiff and Dean David Manderscheid, Amelia Montes, Ethnic Studies Supervisor, and Plaintiff's transcriber.  Plaintiff's communication was severely limited during this meeting as her transcriber has a several minute delay in transcribing information presented.  Accusations were made that were taken as true because Plaintiff did not deny them at the time they were made. Plaintiff was not aware of the accusations until several minutes later.  By that time, her supervisors were trying to get Plaintiff to apologize to her colleagues.

19.    Plaintiff has made at least three international presentations and lectures within the last two years.  Plaintiff had requested accommodations from the University for a conference in New Delhi, India so that she could effectively communicate with the audience and effectively participate in discussions with panelists.  In denying Plaintiff's request for reasonable

accommodations, Christy Horn informed her that the University has no responsibility to provide

her with accommodations at conferences, even though they are an essential function of her job.

Plaintiff was precluded from participation in discussions with audience and panelist members by

the Defendant's failure to meet her request for reasonable accommodations.  This repeated denial

of reasonable accommodations for effective communication with auxiliary aids and services by

the Defendant at conferences or presentations occurred again at the Defendant's College of Law

at the Lincoln, Nebraska campus in May of 2009 wherein the Plaintiff could not hear nor

participate in audience discussions with a prominent speaker in her field of Native American

studies.

20.      Instead of providing the Plaintiff her requested reasonable accommodations for

auxiliary aids and services to ensure effective communication, the Defendant required the

Plaintiff to ask each participant at meetings or public forums run by the University wherein it is

an essential function of her job to attend, to wear a small microphone when they speak.  This

requirement by the University repeatedly denies Plaintiff effective and active communication

and participation with the speaker and other members of the audience and has a chilling effect

upon her fulfilling her essential functions of her position, and isolates her from the intellectual

and cultural life of the academic community.

21.      In May of 2009, Plaintiff again reiterated that her accommodations provided were

not effective and requested auxiliary aids and services for effective communication in the form

of a loop induction system in the meeting areas where she would be in attendance, including her

regular classrooms, a Computer Assisted Real Time (CART) transcriber and an assistive

listening device.  Plaintiff provided medical documentation to the Defendant's employee, Christy

Horn, that such accommodations were reasonable and medically necessary for effective communication to meet her essential functions of her position.

22.     In August of 2009, Christy Horn provided a new accommodation plan, which remained identical to the previous ones providing for a transcriber, but not CART, and a one speaker/one microphone system that Plaintiff and her medical doctors had documented as inadequate and ineffective in allowing her to meet the essential communication functions of her position.

23.     In August of 2009, Christy Horn provided a new accommodation plan providing for a transcriber, but not CART, and a one speaker/one microphone system.  Christy Horn asserts these to be reasonable and effective for Plaintiff, even though Plaintiff has informed Horn that these are ineffective and not what was requested or supported by her doctor.

24.     The Defendant continues to refuse to provide the Plaintiff with requested reasonable accommodations in the form of the necessary auxiliary aids and services to achieve effective communication required to perform the essential functions of her position with attendant job responsibilities, and meaningful participation in the activities of the academic community and the local Native American community.

## FIRST CAUSE OF ACTION

### TITLE I OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED

25.     Plaintiff, to avoid repetition, re-alleges and incorporates by reference all allegations contained in Paragraphs 1 through 24.

26.     Plaintiff is a qualified individual with disabilities as defined by the Americans with Disabilities Act, as amended, and its implementing regulations.

27.    Plaintiff is substantially limited in the major life activities of hearing, speaking communicating, and balance, including walking and standing, and is a qualified individual with disabilities as defined by the Americans with Disabilities Act, as amended, and its implementing regulations.

28.    Plaintiff Donna L. Akers is qualified to perform the essential functions of the tenured Associate Professor in History and Native American Studies with reasonable accommodations in the form of auxiliary aids and services for effective communication.

29.    Defendant failed to provide the Plaintiff with effective reasonable accommodations in the form of auxiliary aids and services for effective communication based on her disabilities despite her repeated requests.

30.    Defendant is an employer within the meaning of the ADAAA in that it employs more than 15 employees.

31.    Defendant has discriminated and continues to discriminate against the Plaintiff on the basis of her disability in violation of Title I of the ADAAA.

## SECOND CAUSE OF ACTION

### SECTION 504 OF THE REHABILITATION ACT

32.     Plaintiff restates and incorporates by reference, each of the allegations in paragraphs 1 through 31 above.

33.     Plaintiff is a qualified individual and is substantially limited in the major life activities of hearing, speaking, communicating and balance, including walking and standing. Accordingly, she is considered an individual with a disability as defined under Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. § 705 (20) and 29 U.S.C. § 794.

34.     During all relevant times, Defendant Board of Regents as governing body of the University of Nebraska-Lincoln is a recipient of federal financial assistance within the meaning of 29 U.S.C. §794(b) (2)(A) by virtue of its participation in federal programs including, but not limited to, the federal student loan program.

35.     Defendant has discriminated and continues to discriminate against Plaintiff on the basis of her disability, in violation of Section 504 of the Rehabilitation Act, 29 U.S. C. § 794(a).

### THIRD CAUSE OF ACTION

### UNLAWFUL RETALIATION

36.     Plaintiff, to avoid repetition, re-alleges and incorporates by reference all allegations contained in Paragraphs 1 through 35.

37.     On February 7, 2009, Plaintiff sent an email to Kenneth J. Winkle, Miguel A. Carranza, Amy M. Goodburn, Christy A. Horn, and Evelyn M. Jacobson expressing frustration over her repeated requests for hearing assistance technology as a reasonable accommodation.

38.     On February 12, 2009, Plaintiff received a response threatening adverse employment actions from Christy Horn, ADA Compliance Officer, indicating that if Plaintiff is not willing to accept the accommodation they provide, the Defendant can pursue three courses of action: 1) reduce Plaintiff's FTE to 60%, 2) if the department feels that it needs a research professor, Defendant could move Plaintiff to such a position, indicating, however, research professors are not tenured and have limited term appointments that are renewed, or 3) as Plaintiff cannot perform the essential functions of a tenured professor in History and Ethnic Studies, the Defendant would have to look to see if they have another position for which Plaintiff is qualified but it doesn't have to be a professor nor are they required to maintain Plaintiff's pay level.

39.     After the filing of Plaintiff's complaint with the NEOC/EEOC and a complaint with the Office of Civil Rights, the Defendant, by and through her employee and agent, Christy Horn, acting within the scope of her employment on September 8, 2010, refused to provide reasonable accommodations for her position and took an adverse employment action by unilaterally changing the Plaintiff's accommodation plan, reducing the level of access to reasonable auxiliary aids and services for effective communication and denying her transcripts of any meetings with faculty members thereby denying the Plaintiff's equal employment opportunity in retaliation for her protected activities.

40.     As a direct and proximate result of the unlawful retaliatory action, Plaintiff has been denied reasonable accommodations in the form of timely auxiliary aids and services for effective communication and has suffered mental distress and anguish.

41.     As a direct and proximate result of the unlawful actions of the Defendant, Plaintiff has incurred special damages in an amount not yet fully ascertained and general damages of $250,000.00.

### ATTORNEYS' FEES

42.     Plaintiff is entitled to, and seeks an award of her reasonable attorneys' fees, expenses, and costs.

### JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

43      Plaintiff demands a trial by jury and designates Lincoln, Nebraska as the place of trial.

### PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court provide the following relief:

A.      Issue a declaratory judgment that Defendant's practices subjected Plaintiff to discrimination in violation of Title I of the Americans with Disabilities Act Amendments Act and Section 504 of the Rehabilitation Act;

B.      Order the Defendant to provide the Plaintiff with reasonable accommodations in the form of auxiliary aids and services that provide effective communications;

C.      Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

D.      Enjoin Defendant from implementing or enforcing any policy, procedure, or practice that denies individuals, such as Plaintiff, who are deaf, hard of hearing, or hearing impaired, equal access to and an equal opportunity to participate in and benefit from Defendant's educational services or programs, and equal employment opportunities;

E.      Issue an injunction ordering Defendant to provide auxiliary aids and services tthe Plaintiff that provide effective communication and allow Plaintiff to enjoy equal access to the educational services provided by the Defendant, and to promulgate policies to ensure the provision of auxiliary aids and services to individuals who are deaf, hard of hearing, and hearing impaired;

F.      Award Plaintiff compensatory relief in the amount of $250,000.00 for general damages and special damages in an amount to be later ascertained, pursuant to Section 504 of the Rehabilitation Act and for the Unlawful Retaliation for Plaintiff's exercise of her protected rights;

G.      Award Plaintiff her reasonable attorneys' fees, costs, and expenses pursuant to 29 U.S.C. §794a (b)  and 42 U.S.C. § 12205; and 42 U.S.C. § 1988; and

H.      Award any and all other relief that this Court finds necessary and appropriate.


Dated this 21st day of December, 2010.

Respectfully submitted,

**DONNA L. AKERS, Plaintiff**


/s/ Bruce G. Mason
Bruce G. Mason, NSBA# 12626
Litigation Director
Nebraska Advocacy Services, Inc.
*The Center for Disability Rights, Law and Advocacy*
134 South 13th Street, Suite 600
Lincoln, Nebraska 68508
Telephone: (402) 474-3183
Fax: (402) 474-3274
Email: bmasonlaw@cox.net
            bruce@nas-pa.org


and


/s/Michael J. Elsken
Michael J. Elsken, NSBA# 16829
Nebraska Advocacy Services, Inc.
*The Center for Disability Rights, Law and Advocacy*
Federal Trust Building
134 S. 13th Street, Suite 600
Lincoln, NE 68508
(402) 474-3183
Fax (402) 474-3274
Email: Mike@nas-pa.org


ATTORNEYS FOR PLAINTIFF